# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

ORIGINAL

2013 MAR 13  PM 1: 05

CLERK OF COURT

__AH4R TX , LLC__
Plaintiff

v.

__GUSTAVO RODRIGUEZ__
Defendant

4-13CV-206-A

Civil Action No.

## COMPLAINT

Federal Question: (USC 1331)
The Court has jurisdiction over this matter as it involves a federal question, the taking of Real Estate without due process.

Date          03-13-2013

Signature     _Gustavo Rodriguez_

Print Name    GUSTAVO RODRIGUEZ

Address       1906 ST LAWRENCE WAY

City, State, Zip   ARLINGTON, TEXAS 76002

Telephone     817-422-9982

1

GUSTAVO RODRIGUEZ
1906 ST LAWRENCE WAY
ARLINGTON, TEXAS 76002

Removing Party In pro se

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH, TEXAS

**AH4R-TX LLC**                                    **District Court Case No.:**

**Plaintiffs**                                          From:
                                                  JUSTICE OF PEACE No. 7
                                                  TARRANT  County,
v.                                                Cause No. JP07-13-E00069015

                                              **NOTICE OF REMOVAL**
                                        **OF JUSTICE PEACE COURT PROCEEDING**
                                         **TO UNITED STATES DISTRICT COURT\***

**GUSTAVO RODRIGUEZ & OCC.**              **[AUTOMATIC STAY IMPOSED]**

                                        \*Notice served on Justice of Peace Court on
                                                  March 13,  2013\*

**Defendant**

_____

     To all parties and their counsel of record, please take notice that the Justice of Peace No. 7 Court case referenced here, above, has been REMOVED TO THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS Courthouse for further proceedings under USDC_____, as set forth above.

     Said Removal shall divest and disqualify this JUSTICE OF PEACE COURT from taking any further action in the underlying case for want of jurisdiction under 28 U.S.C. 1331, 1332, et al and FRCP Rule 11.

     Copies of this Notice are being served on counsel for plaintiff and filed with the Clerk of the above JUSTICE OF PEACE Court for the County of Tarrant, with *proof of service* attached hereto. Formal determination of property rights are in issue in this action and must be

Notice of Removal of JUSTICE OF PEACE Court Action to UNITED STATES District Court

- 2

adjudicated as a condition precedent to a determination under the state case referenced. Defendant intend to litigate the issue of the legality of the possession of his single family home believed to have been wrongfully sued for foreclosure and eviction by reason of false and fraudulent means  and conveyed to plaintiff in violation of Texas  statutes applicable, et al., and will be filing a Related Action which will be based procedurally, inter alia., on state questions and diversity jurisdiction, to be filed  forthwith to seek damages and equitable relief including, the enjoining of the current forceful detainer action of original petition case No. 4-12CV-889 Y herein to avoid additional harm to defendants interest. The force and effect of this proposed action will materially affect this instant Removed action.  Moreover, defendant wishes to enjoin case this case to No. 4-12CV-889-Y [Original Complaint].

## GROUNDS:  FEDERAL QUESTION AND DIVERSITY JURISDICTION

The subject matter in controversy is within the jurisdiction limits of this Court. The federal court system has exclusive jurisdiction regarding securities and banking regulation-the body of the law protecting the public by regulating the registration, offering, and trading of securities and the regulation of banking practices. (Please see Exhibit A brochure entitled "THE FEDERAL COURT SYSTEM in the UNITED STATES under Federal section in middle Pg. 17).

This court has jurisdiction over this matter as it involves a *federal question*, (28 USC § 1331), the taking of real property without due process, and it's a dispute over title issues of ownership, of who actually owns the note and deed. Therefore the Defendant wishes to enjoin his complaint for a Quiet Title and Trespasser Try Title. Moreover  the defendant of federal regulated  institution and subject property exceeds $75,000 ( see deed of trust amount $154,647) threshold, moreover defendants claims civil rights was violated due to the fact defendants was not granted a trial by jury. Federal district courts have original jurisdiction in actions "arising under the constitution, laws, or treaties of the United Stated" [28USC & 1331, 1332] Also, this case involves securities, commodities, and federal commerce issues Defendant's constitution rights have been violated. Defendant's rights to be secure in her home without forcible seizure under the 4th Amendment were violated. Defendant's rights to life, liberty, or property under the 5th and 14th Amendment were violated. Defendant's rights to have a trial by jury under the 7th

Amendment were violated. Defendant's State Consumer Rights were also violated with the forcible seizure of his home without due process. Federal district courts gave original jurisdiction in actions "arising under the constitution, laws, or treaties of the United States. "[28U.S.C.& 1331]

Article VI- The United States Constitution States:

This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or Which shall be under the Authority of the United State, shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the constitution or Laws of any State to the contrary notwithstanding."Where rights secured by the constitution are involved, there can be no rule making or legislation which would abrogate them" -- Miranda v. Arizona, 384 U.S. 436.

Further the Court has jurisdiction over this matter due to the diversity of jurisdiction of the parties. Defendant is a citizen of the State of Texas who lives in the County of Tarrant and whose address is 1906 St Lawrence Way, Arlington, Texas 76002, The plaintiff is a citizen of the State of California or incorporated or has his principal of business in the County of Los Angeles and the State of California who address is 22917 Pacific Coast Why # 300 Malibu CA 90265. Therefore due to the different jurisdiction and the fact the plaintiff is an institution which is federally regulated, dissatisfies the requirement of diversity of jurisdiction according to (28 USC § 1332).

**PRAYER**

WHEREFORE PREMISES CONSIDERED as Prayer for relief, and for the foregoing reasons, Defendant requests that the above listed case be removed to Federal Court.

The Removal was effectuated timely under federal question.

*Gustavo Rodriguez*

**GUSTAVO RODRIGUEZ**

*In Pro Se*

PROOF OF SERVICE ATTACHED WITH SERVICE
UPON THE JUSTICE OF PEACE COURT OF THIS DOCUMENT

Notice of Removal of JUSTICE OF PEACE Court Action to UNITED STATES District Court

# PROOF OF SERVICE

**Select one:**

[ ] I declare that I am over the age of eighteen (18) years and not a party to this action.  My address is
_____, _____, _____, _____

[X] I declare that I am over the age of eighteen (18) years.  My address is
_____, _____, _____, _____

**Check one:**

[ ] PERSONAL **DELIVERY**.  On _____ ____, 2012 I served the documents listed below to _____ by hand delivering a true copy to the address as follows:

[X] DELIVERY **BY U.S. MAIL**.  On 3/13/2013 , I served the documents listed below to _JSPS._ by placing a true copy enclosed in a sealed envelope, with postage fully prepaid for delivery by the U.S. Postal Service, addressed as follows:

**Ah4R-Tx LLC**
22917 Pacific Coast Hwy # 300
Malibu CA 90265-0000

**AGENT OF RECORD**

ANNA C.  STEWARD
4151 Southwest Freeway, Suite 600
Houston, TX 77027

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 3/13 /2013 , at JSPS .

GUSTAVO RODRIGUEZ          _Gustavo Rodriguez (signature)_
Printed name                              Signature

**Attachments:**

Notice of Removal

Justice of Peace Register Action

USPS Certified Mail Receipts

Notice of Removal of JUSTICE OF PEACE Court Action to UNITED STATES District Court

Exhibit A Book



# THE FEDERAL COURT SYSTEM
## IN THE UNITED STATES

**An Introduction for Judges and Judicial Administrators in Other Countries**

Honorable Thomas F. Hogan, Director

Administrative Office
of the U.S. Courts

EXAMPLES OF JURISDICTION IN THE FEDERAL AND STATE COURTS

| State Courts | Federal Courts | State or Federal Courts |
|---|---|---|
| crimes under state legislation | crimes under statutes enacted by Congress | crimes punishable under both federal or state law |
| state constitutional issues and cases involving state laws or regulations | most cases involving federal laws or regulations (for example: tax, Social Security, broadcasting, civil rights) | federal constitutional issues certain civil rights claims |
| family law issues | matters involving interstate and international commerce, including airline and railroad regulation | "class action" cases |
| real property issues | | environmental regulation |
| landlord and tenant disputes | cases involving securities and commodities regulation, including takeovers of publicly held corporations | certain disputes involving federal law |
| most private contract disputes (except those resolved under bankruptcy law) | admiralty cases | |
| most issues involving the regulation of trades and professions | international trade law matters | |
| most professional malpractice issues | patent, copyright, and other intellectual property issues | |
| most issues involving the internal governance of business associations, such as partnerships and corporations | cases involving rights under treaties, foreign states, and foreign nationals | |
| most personal injury lawsuits | state law disputes when "diversity of citizenship" exists | |
| most workers' injury claims | bankruptcy matters | |
| probate and inheritance matters | disputes between states | |
| most traffic violations and registration of motor vehicles | habeas corpus actions | |
| | traffic violations and other misdmeanors occurring on certain federal property | |

"EXHIBIT B"

# Mary Louise Garcia
**Tarrant County Clerk**
100 W. Weatherford St.
Ft. Worth, Texas 76196-0401

March 06, 2013

Gustavo Rodriguez and all occupants
1906 St Lawrence WAY
Arlington TX 76002

RE: J. P. Appeal, Pct. 7, Cause No.: E69015
A Forcible Detainer

### AH4R-TX, LLC vs Gustavo Rodriguez, Jessica Rodriguez and/or all other occupants
### County Court at Law Case No. 2013-001476-1, Filed 03/06/2013

Dear Sir or Madam,

The above case has been appealed from the Justice of the Peace Court to the County Court at Law No. 1. All pleadings are required by law to be in writing. (Rule 525, T.R.C.P.) The style of the case does not change when it is appealed to County Court at Law. The above case has been appealed on a PAUPER'S AFFIDAVIT.

This case is an appeal from an eviction proceeding (Forcible Entry and Detainer). A WRITTEN ANSWER (a formal written statement made by the defendant stating his defense) must be filed within eight (8) full days from the date the appeal was filed in this court as indicated above. If the defendant does not file a written answer with this court within eight days, the allegations of the complaint may be taken as admitted and a judgment by default may be entered accordingly. (Rule 753, T.R.C.P.)

Cases in County Courts at Law are not automatically set for trial by the court. Either party may set the case for trial in writing. Upon requesting a setting you must forward a copy of your request to the other side. A ten (10) day notice to the other side is required when you request a trial setting.

    a.) Individuals can represent themselves, but may not be represented by any agent other than a licensed attorney. (See Rule 747a, T.R.C.P.)
    b.) Corporations shall be represented by a licensed attorney.
    c.) A general partnership shall be represented by at least one of the general partners or a licensed attorney.
    d.) A limited partnership shall be represented by a general, not a limited, partner or a licensed attorney.

Please keep the above County Court at Law case number and refer to it when inquiring. For information regarding a court setting call the Court Coordinator at (817) 884-2761. For all other information call the Court clerks at (817) 884-1485 or (817) 212-7074

Mary Louise Garcia, Clerk
County Courts at Law of
Tarrant County, Texas

Nancy Olvera, Deputy

RECEIVED
MAR 8 2013
BY:

cc:  ANNA C SEWART
     4151 SOUTHWEST FREEWAY
     SUITE 680
     HOUSTON TX 77027

cc:  Jessica Rodriguez and all occupants
     1906 St. Lawrence Way
     Arlington TX 76002



# TARRANT COUNTY

### FORT WORTH, TEXAS 76196-0240

DON PIERSON
JUDGE
COUNTY COURT AT LAW No. 1
817/884-1457

TRACY WOOD
COURT COORDINATOR
817/884-2761

March 06, 2013


Gustavo Rodriguez and all occupants
1906 St Lawrence WAY
Arlington TX  76002                          RE: 2013-001476-1

AH4R-TX, LLC vs Gustavo Rodriguez, Jessica Rodriguez and/or all other
occupants

Dear Sir or Madam,

The above case has been appealed from the Justice of the Peace Court to
County Court at Law No. 1 on a PAUPER'S AFFIDAVIT. Pursuant to Section
25.0020 of the Texas Government Code, if your appeal as a pauper is
perfected, you may request a pro bono ("free") attorney to represent you in
this case.

While this court may appoint any qualified attorney who is willing to provide
services for free, at this time, the only pro bono legal services program in
Tarrant County is **Legal Aid of NorthWest Texas**. If you wish to request a
free attorney for you in this matter, please contact by phone or in person
**Legal Aid of NorthWest Texas** at the following:

> **Vivian Quesada**
> **Legal Aid of NorthWest Texas**
> 600 E. Weatherford St.
> Fort Worth, Texas  76102
> (817) 336-3957, Ext. 5017
> (817) 877-0804 (Fax)

**Legal Aid of NorthWest Texas** has limited resources, and can only accommodate a small percentage of the requests it receives. <u>If you desire such an attorney, you must make a request immediately</u>. Please Note: The delay or denial of your request will not delay the trial. If Ms. Quesada does not answer the phone, please leave a message and someone from her office will call you back the same day.

Sincerely,

Don Pierson

cc:  ANNA C SEWART                    cc:    Jessica Rodriguez

EXHIBIT C

Order No.
   01-2519
Escrow No.
   01-2519
RECORDING REQUESTED BY:
Kaufman and Broad Mortgage Company
When Recorded Mail To:
Kaufman and Broad Mortgage Company
21650 Oxnard Street, Third Floor
Woodland Hills, CA 91367
Attn: Investor Compliance

[Space Above This Line For Recording Data]

State of Texas

## DEED OF TRUST

FHA Case No.
492-6212264703

MIN 100C72112400029025
LOAN # 1240002902

THIS DEED OF TRUST ("Security Instrument") is made on **November 27, 2001**
The Grantor is
GUSTAVO RODRIGUEZ and
JESSICA RODRIGUEZ, Husband and Wife

("Borrower"). The trustee is Victor Toledo,

("Trustee"). The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel (888) 679-MERS.

Kaufman and Broad Mortgage Company, an Illinois Corporation
("Lender") is organized and existing under the laws of the state of Illinois , and
has an address of 21650 Oxnard Street, Third Floor
Woodland Hills, CA 91367 . Borrower owes Lender the principal sum of
ONE HUNDRED FIFTY FOUR THOUSAND SIX HUNDRED FORTY SEVEN & 00/100
Dollars (U.S. $154,647.00 ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on December 1,
2031 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums,

FHA Texas Deed of Trust with MERS · 4/96
VMP-4N(TX) (9802)          Amended 2/98
Page 1 of 8          Initials: J.C.M Imital for G.R.
VMP MORTGAGE FORMS · (800)521-7291

J.C.M Imital for J.R.



MIN 100072112400029025
LOAN # 1240002902

with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust, with power of sale, the following described property located in Tarrant County, Texas:

LOT 9, BLOCK 7, OF LAKE PORT MEADOWS, SECTION 1, AN ADDITION TO THE CITY OF ARLINGTON, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, SLIDE 5448, PLAT RECORDS, OF TARRANT COUNTY, TEXAS.

which has the address of  1906 ST LAWRENCE DRIVE                                    [Street]
ARLINGTON                                [City], Texas      76002      [Zip Code]  ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:
UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended

Initials: *J.C.M Initial*
for *B R.*

*J. C. M.  Initial*
*J. B.*

MIN 100072112400029025
LOAN # 1240002902

from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall

Initials: *J.C.M. Imit #12*
*for E. R.*
*J.C.M. Imitia*
*for J. R.*

MIN 100072112400029025
LOAN # 1240002902

also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

Initials: *J.C.M. Initi*
*for G. R.*
*Jem. Initi*
*for J. R.*

MIN 100072112400029025
LOAN # 1240002902

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

Initials: _J.C.M Initia_
_for B R._
_S.e.M. Initia_
_for J. R._

MIN 10007211240029025
LOAN # 1240002902

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

Initials: *J.C.M. Initl.*
*for G. R.*
*J.e.M. Initia*
*for J. R.*

MIN 100072112400029025
LOAN # 1240002902

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public venue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Substitute Trustee.** Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21. **Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

22. **Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

23. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Growing Equity Rider | ☒ Other [specify] |
| ☐ Planned Unit Development Rider | ☐ Graduated Payment Rider | |

Notice of No Oral Agreeme

24. **Purchase Money; Vendor's Lien; Renewal and Extension.** [Complete as appropriate] The note secured hereby is primarily secured by the Vendor's Lien retained in the Deed of even date herewith conveying the property to Borrowers, which Vendor's Lien has been assigned to lender, this Security Instrument being additional security therefore.

Initials: *J.C.M. Imlti*
*for C.R.*
*J.C.M. Imlti*
*for J.R.*

MIN 100072112400029025
LOAN # 1240002902

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                   GUSTAVO RODRIGUEZ              -Borrower
                                   As Agent and Attorney-in-Fac
                                   for Gustavo Rodriguez

_____          _____ (Seal)
                                   JESSICA RODRIGUEZ             -Borrower
                                   As Agent and Attorney-in-Fac
                                   for Jessica Rodriguez

_____ (Seal)   _____ (Seal)
                -Borrower                                        -Borrower

_____ (Seal)   _____ (Seal)
                -Borrower                                        -Borrower

_____ (Seal)   _____ (Seal)
                -Borrower                                        -Borrower

STATE OF TEXAS
County of Collin

Before me *the undersigned*                              on this day personally appeared
*Jose Carlos Maza as agent for*
*Gustavo Rodriguez and Jessica Rodriguez*

known to me (or proved to me on the oath of
or through *drivers license*                    ) to be the person whose name is subscribed to
the foregoing instrument and acknowledged to me that *he* executed the same for the purposes and consideration
therein expressed.

Given under my hand and seal of office this *28* day of *November 2001.*

*Patricia A Owens*

(Seal)

VMP-4N(TX)

PATRICIA A. OWENS
MY COMMISSION EXPIRES
February 22, 2004

Notary Public
Page 8 of 8

**Multistate**     **NOTE**

8 02 118313

FHA Case No.

492-6212264703

November 27, 2001
[Date]

1906 ST LAWRENCE DRIVE, ARLINGTON, Texas 76002
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means

Kaufman and Broad Mortgage Company, an Illinois Corporation
and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of

ONE HUNDRED FIFTY FOUR THOUSAND SIX HUNDRED FORTY SEVEN & 00/100
Dollars (U.S. $    154,647.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of  SIX AND THREE-FOURTHS
percent (     6.750 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
January 1  ,   2002 . Any principal and interest remaining on the first day of  December
2031 , will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at  P.O. Box 789
Woodland Hills, CA 91365-0789                     or at such place as Lender may designate in writing
by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $    1,003.04          . This
amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge     ☐ Growing Equity Allonge     ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95

VMP ®  -1R (9601)

Initials: *J. Erg Initial for E. R.*
*J. Erg Initial for J. R.*



LOAN # 1240002902

154,647

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.00** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER...

If more than one person sign Note, including the promise to pa obligated to do these things. An endorser of this Note, is also obl Note against each person individu all of the amounts owed under this

*[handwritten: TRANSFER FROM K & B HOME MORTGAGE TO WASHINGTON MUTUAL]*

i personally obligated to keep all of the promises made in this on who is a guarantor, surety or endorser of this Note is also ligations, including the obligations of a guarantor, surety or made in this Note. Lender may enforce its rights under this er. Any one person signing this Note may be required to pay

BY SIGNING BELOW, Borro                                    and covenants contained in this Note.

_____ (Seal)
GUSTAVO RODRIGUEZ  *As Agent and Attorney in Fact for Gustavo Rodriguez*                       -Borrower

_____ (Seal)
                                                              -Borrower

_____ (Seal)
WASHINGTON MUTUAL BANK, FA                       -Borrower

_____ (Seal)
WASHINGTON MUTUAL HOME LOANS, Inc.              -Borrower

*WITHOUT RECOURSE
KAUFMAN AND BROAD MORTGAGE COMPANY
AN ILLINOIS CORPORATION*

CATALINA MAGAYON, ASST. SECRETARY

_____ (Seal)
JESSICA RODRIGUEZ  *As Agent and Attorney in Fact for Jessica Rodriguez*                        -Borrower

_____ (Seal)
                                                              -Borrower

_____ (Seal)
WASHINGTON MUTUAL BANK, FA                       -Borrower

Pay to the order of

_____ (Seal)
Without Recourse
WASHINGTON MUTUAL HOME LOANS, Inc.              -Borrower

By _____
DANNY L. LIGHTY
Assistant Vice President

VMP -1R (96 )

Page 2 of 2

EXHIBIT E

D202008069
KAUFMAN & BROAD MTG
21650 OXNARD ST 3RD FL
WOODLANDS HILLS CA  91367


—W A R N I N G—THIS IS PART OF THE OFFICIAL RECORD——D O  N O T  D E S T R O Y


I N D E X E D —— T A R R A N T  C O U N T Y  T E X A S
S U Z A N N E  H E N D E R S O N —— COUNTY CLERK
O F F I C I A L  R E C E I P T

T O:  FIRST AMERICAN TITLE CO

RECEIPT NO          REGISTER    RECD-BY    PRINTED DATE   TIME
202113285           DR2A        LW         01/09/2002     14:30


        INSTRUMENT FEECD              INDEXED     TIME
    1   D202008069  DT               20020109    14:30    CG


    T O T A L:  DOCUMENTS: 01       F E E S:      23.00  _____


    B Y: _____  


    ANY PROVISION WHICH RESTRICTS THE SALE RENTAL OR USE
    OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE
    IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.